UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RICHARD W. PORTER, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 24-40014-DHH |
| ) | |
| **TOWN OF CANDIA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**REPORT & RECOMMENDATION**

**February 1, 2024**

**Hennessy, M.J.**

*Pro se* Plaintiff Richard W. Porter, Jr. brings this action against the Town of Candia, New Hampshire, and Michael Thompson. Plaintiff is confined at the Worcester Recovery Center and Hospital. For the reasons stated below, the Court RECOMMENDS that this action be DISMISSED for improper venue.

**I.      Factual Background**

Plaintiff alleges that Defendant Thompson was granted a foreclosure deed on Lot 413-46, Old Candia Road, Candia, New Hampshire (the "Property") on September 12, 2005. Dkt. No. 1. Plaintiff alleges that Marjam Mortgage Corp. in Natick, Massachusetts, issued the deed, although Marjam lacks a valid New Hampshire real estate or brokerage license. *Id.* Plaintiff further alleges that Defendant Thompson broke into the Property on September 12, 2005, and when Plaintiff reported this incident to the Candia Police, they took no action. *Id.* Plaintiff then alleges that Defendant Town subdivided the Property into four lots and began collecting property taxes, even though the Property rightfully belongs to Heritage Homestead Realty Trust, of which Plaintiff is trustee. *Id.*

The thrust of this Complaint is essentially identical to a lawsuit filed by Plaintiff four days after filing this suit. *See Porter v. Town of Candia*, C.A. 24-40016-DHH. In that suit, Plaintiff alleges that Defendant Town put a lien on the property after Plaintiff decided to subdivide the lot. *See id.*, Dkt. No. 1. In that suit, Plaintiff also alleges that Defendant Thompson broke into the Property on September 12, 2006, instead of 2005. *Id.*

Between October 3, 2023, and January 29, 2024, Plaintiff filed over eight other lawsuits in this Court claiming that individuals are unlawfully occupying properties of which he is the true owner. *See, e.g.*, *Porter v. Morino*, C.A. 23-40133-MRG (concerning 16 Babson St., Wakefield, MA and 9 Brentwood Rd., North Reading, MA); *Porter v. Candia Police Dep't*, C.A. 23-40143-MRG (concerning 564 Old Candia Rd., Candia, NH); *Porter v. Thompson*, C.A. 23-40148-MRG (same); *Axcella Building Realty Trust v. Thompson*, C.A. 23-40151-MRG (same); *Porter v Candia Police*, C.A. 23-40152-MRG (same); *Porter v. State of New Hampshire*, C.A. No. 23-40157-MRG (same); *Porter v. Commonwealth*, C.A. 23-40179-MRG (concerning 31 Winston Ave., Wilmington, MA).

Notably, Plaintiff has alleged that in 2017, upon the application of Nancy Morino (who resides at a Massachusetts property which is the subject of one of Plaintiff's lawsuits), the Malden District Court issued a harassment prevention order against a person named "Robert Porter," but that Plaintiff has been wrongfully committed for psychiatric treatment based on Morino's false accusations that Plaintiff violated this abuse prevention order. *See, e.g.*, *Porter v. Commonwealth*, C.A. No. 23-40084-MRG.

Further, on April 17, 2017, after dismissal of his bankruptcy action in the Bankruptcy Court of the District of Massachusetts, Plaintiff filed documents in the closed action in which he sought eviction of individuals living in other New Hampshire properties which he claimed to own. *See In re Porter*, Bankr. No. 17-10977 (Bankr. D. Mass.) (Dkt. No. 19) (referring to 6

Mallard Ln., Londonderry, NH; 38 Ritar Cir. Rd., Northwood, NH; and 3 Longre Rd., Merrimack, NH).

**II.     Discussion**

The District of Massachusetts is not the proper venue for this action.[1]  The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case.  "In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979) (emphasis added). The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[1] This action may also be frivolous.  A federal district court has inherent power to dismiss a frivolous action. *See, e.g.*, *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Budnick v. Doe*, No. 14-1560, 2015 WL 13928988, at *1 (1st Cir. Jan. 6, 2015); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985)).  As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff.  Rather, in legal parlance, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

As a whole, the instant one-page, hand-written, bare bones Complaint fails to provide an arguable legal or factual basis for this suit.  The Complaint alleges that the Property was broken into by Defendant Thompson while Plaintiff's trust was the lawful owner, and on the same day, Defendant Thompson acquired a foreclosure deed on the Property through an unlicensed broker; but Plaintiff does not provide the deed or other proof of ownership of the Property.  To the contrary, in a motion filed by Plaintiff in another lawsuit, Plaintiff attests that he doesn't own any real estate or financial instrument of value. *See Porter v. Commonwealth of Massachusetts et al.*, 4:23-cv-41079-DHH (Dkt. No. 4).  The vagueness of Plaintiff's allegations coupled with his litigation history suggest the frivolity of this suit.  Nevertheless, the Court need not dismiss this action as frivolous, as venue is improper.

The court may dismiss an action *sua sponte* for improper venue after screening pursuant to 28 U.S.C. § 1915(e)(2) when it is "obvious from the face of the complaint and no further factual record is required" to determine that venue is improper. *See, e.g.*, *Cox v. Rushie*, No. 12-cv-11308-PBS, 2013 WL 3197655, at *4 (D. Mass. June 18, 2013) (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)) (dismissing Plaintiff's complaint for improper venue after § 1915(e)(2) screening); *DeBarros v. Frank*, No. 20-cv-260, 2020 WL 5570005, at *8-9 (D.R.I. Sept. 17, 2020) (same).

The District of Massachusetts is not the proper venue for Plaintiff's claim concerning an alleged interest in real property located in New Hampshire. Subsection (1) of the above statute is inapplicable because there is no allegation that all Defendants reside in Massachusetts. To the contrary, Plaintiff alleges that Defendant Thompson is a resident of New Hampshire; Defendant Town is clearly located in New Hampshire as well. Subsection (2) does not support venue in this Court because the property is situated in New Hampshire and the events giving rise to Plaintiff's claims did not occur in Massachusetts. Because venue exists in the District of New Hampshire (the site of the property), subsection (3) is irrelevant. Further, nothing in the Complaint suggests that this Court could exercise personal jurisdiction over the defendants.

## III.     Conclusion

For the reasons set forth above, the Court RECOMMENDS this action be DISMISSED for improper venue.[2]

/s/ David H. Hennessy<br>
David H. Hennessy<br>
United States Magistrate Judge

---

[2] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections.  The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review.  *See, e.g.*, *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).